IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | Case No.: 15-04492 |
| TRI FUND DEVELOPMENT, INC., | § | |
| | § | Hearing: September 16, 2015 |
| | § | 10:00 a.m. |
| Debtor. | § | |
| | § | Hon. Janet S. Baer |

**SUPPLEMENT TO THE MOTION TO DISMISS
FILED BY URBAN PARTNERSHIP BANK**

Urban Partnership Bank (the "Bank"), by its counsel, files this Supplement to the "Motion to Dismiss" this bankruptcy case (Doc. 44) (the "Motion") filed by the Bank on March 31, 2015.

1. The Motion is currently set for hearing on Wednesday, September 16, 2015.

2. Up through the last scheduled hearing in this case (Sept. 2, 2016), the Bank was under the impression that the plan of reorganization filed by Tri-Fund Development, Inc. (the "Debtor") would be supported in some fashion, either through the plan or otherwise, by risk capital which would be placed into escrow by Mr. Gregory Newsome, subject to specific terms which would govern whether the capital would be paid to the Bank or returned to Mr. Newsome (the "Escrow").

3. On September 11, 2015, the Bank was informed by Debtor's counsel that the board of the Debtor's sole equity holder, Fund Development Corporation ("FDC"), had enacted a resolution which forbade Mr. Newsome from establishing the Escrow, and that, pursuant to that resolution, Mr. Newsome would not be making any contributions to fund the Escrow or the Plan.

4. On September 9, 2015, the Debtor filed an amended plan (the "Plan") and disclosure statement (Doc. 97 and Doc. 98) which, like their predecessors, proposed that a third

-1-

party would make a future investment in the Debtor or the Debtor's owner, FDC. However, neither the Plan nor the amended disclosure statement contain anything which might suggest that there would be a financial consequence to the future investor, if they chose to withhold their investment capital when the time came to make the investment. Thus, this case has returned to the state that it was in on June 1, 2015 (the day that the Motion was tried before the Court). Yes, the Debtor can point to individuals who might make an investment in the Debtor or its owner (FDC). But none of these potential investors is willing to back up their promises with risk capital or an agreement which would bind them to do what the Debtor says that they might do. In reality, the Debtor's current Plan is nothing more than an expensive, cumbersome, time intensive non-binding letter of intent. This is not what the Bank has previously indicated that it would support, and this is not a plan which the Bank would ever consider voting for.

5.  With genuine respect for the Court and its authority, the Bank unequivocally states that it will not support the current version of the Debtor's Plan, and that if called upon to vote on the Plan, the Bank would file a rejecting ballot and an objection to confirmation to that Plan. Although it is possible that the Debtor might attempt to seek confirmation of the Plan under 11 U.S.C. sec. 1129(b), there is little chance that the Debtor could "cram down" a Plan which would require the Bank to discount its secured claim (as this Plan does), over the Bank's objection. Therefore, it has become apparent that this Debtor is unable to confirm a plan of reorganization in this case. Accordingly, this case should be dismissed pursuant to one or more of the grounds permitted by Section 1112 of the Bankruptcy Code, most notably, the Debtor's failure and inability to confirm a plan of reorganization. *In re Woodbrook Associates*, 19 F. 3d 312, 317 (7th Cir. 1994).

WHEREFORE, the Urban Partnership Bank respectfully prays that the Court enter an order which dismisses this chapter 11 case, and grants to the movant such further and additional relief as the Court deems just.

Dated: September 15, 2015                    **URBAN PARTNERSHIP BANK**

                              By:    /s/ Bruce Dopke
                                     One of its attorneys

Andrew H. Eres (ARDC #  6237032)
Bruce Dopke, of counsel (ARDC # 3127052)
Stahl Cowen Crowley Addis, LLC
55 W. Monroe Street, Suite 1200
Chicago, IL  60603
Tel:  312-641-0060
Fax:  3612-423-8189

## CERTIFICATE OF SERVICE

      I, Bruce Dopke, an attorney, hereby certify that I caused to be served a complete and accurate copy of the attached **SUPPLEMENT** by causing a copy of the same to sent: (a) electronically and through the Court's electronic delivery system, to those persons who are registered to receive electronic service of process in this case as indicated below, or (b) by first class US Mail, sent or initiated on or before 5:00 p.m. Central Time on the 15th day of September, 2015 to the persons whose names appear on the attached service list.

                                                            /s/ Bruce Dopke

Bruce Dopke, of counsel (ARDC # 3127052)
Stahl Cowen Crowley Addis, LLC
55 W. Monroe Street, Suite 1200
Chicago, IL  60603
Tel:  312-641-0060
Fax:  3612-423-8189

*Electronic Notice:*

Paul M Bach on behalf of Debtor Tri Fund Development, LLC
paul@bachoffices; ECFNotice@sulaimanlaw.com; Courtinfo@Sulaimanlaw.com; bkycourtinfo@gmail.com;  Paul@BachOffices.com; mbadwan@sulaimanlaw.com; bkycourtinfo@gmail.com; sulaiman.igotnotices@gmail.com; bkecf_sulaiman@bkexpress.info

Penelope N Bach on behalf of Debtor Tri Fund Development, LLC
pnbach@sulaimanlaw.com; ecfbach@gmail.com; courtinfo@sulaimanlaw.com; bkycourtinfo@gmail.com; ECFNotice@sulaimanlaw.com; mbadwan@sulaimanlaw.com; bkycourtinfo@gmail.com; sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info

Mohammed O Badwan on behalf of Debtor Tri Fund Development, LLC
mbadwan@sulaimanlaw.com; mbadwan@sulaimanlaw.com; courtinfo@sulaimanlaw.com; bkycourtinfo@gmail.com; ECFNotice@sulaimanlaw.com; SulaimanLaw@BestClientInc.com; sulaiman.igotnotices@gmail.com;bkecf_sulaiman@bkexpress.info

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov